**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LONNIE WILLIAMS,<br><br>                              Plaintiff,<br>   vs.<br><br>C. RAMOS, et al.,<br><br>                              Defendants. | CASE NO. 11-CV-2348 JLS (PCL)<br><br>**ORDER REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>(ECF No. 37) |

Plaintiff Lonnie Williams ("Plaintiff") is proceeding *pro se* and in forma pauperis ("IFP") in this civil action. On December 17, 2012, the Court denied Plaintiff's motion for an injunctive order, denied Plaintiff's motion for a declaratory order, and granted Plaintiff's motion for an extension of time to file objections to the Magistrate's Report and Recommendations. (ECF No. 32.) Plaintiff filed a notice of appeal on January 3, 2013, (ECF No. 33), and the Ninth Circuit requested the Court determine "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (ECF No. 37.) For the following reasons, the Court certifies Plaintiff's appeal is frivolous, and her IFP status is **REVOKED**.

**BACKGROUND**

Plaintiff Lonnie Williams ("Plaintiff"), a state prisoner currently incarcerated at CSP-Sacramento in Represa, CA, brings this action against Defendants C. Ramos, J. Eustice, M. Lee, and T. Glover alleging violations of her civil rights under 42 U.S.C. § 1983.  Plaintiff's First Amended Complaint ("FAC") asserts that Defendants conspired to violate her civil rights; violated her First Amendment right to be free from retaliation; violated her First Amendment right of access to the courts; and used excessive force against her and denied her medical care in violation of the Eighth Amendment.  (ECF No. 21.)

On June 29, 2012, Defendants filed a motion to revoke Plaintiff's IFP status based on the "three-strikes rule" set forth in 28 U.S.C. § 1915(g) and to dismiss the FAC for failure to pay filing fees.  (ECF No. 23.)  On October 17, 2012, Magistrate Judge Peter C. Lewis issued a report and recommendation ("R&R") recommending the Court grant Defendants' motion to dismiss and revoke Plaintiff's IFP status.  (ECF No. 26.)  On November 29, 2012, Plaintiff filed the underlying motion for an injunctive and declaratory order and an extension of time to file objections to the R&R.  (ECF No. 31.)  The Court denied Plaintiff's motion for an injunctive and declaratory order and granted Plaintiff's motion for an extension of time.  (ECF No. 32.)  Plaintiff subsequently filed a notice of appeal from the Court's order denying Plaintiff's motion for an injunctive and declaratory order.  (ECF No. 33.)

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002).  The good faith standard is an objective one, and good faith is demonstrated when an individual "seeks appellate review of any issue not frivolous."  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that Plaintiff's appeal is not taken in good faith.  First, Plaintiff's factual allegations are contradicted by her own exhibits.  According to the exhibits attached to Plaintiff's motion, Plaintiff requested a Health Record Review on September 16, 2012, but failed to complete

and return a CDCR 7385 Authorization for Release of Information and a Health Record Questionnaire. (ECF No. 31 at 14.) Subsequently, on October 30, 2012, her Health Record Review request was cancelled for failure to return the necessary documents. Contrary to Plaintiff's allegations, these exhibits do not reveal a "conspiracy" to withhold her medical records, but only that Plaintiff has not been diligent in following the procedure to obtain her medical records.

Second, Plaintiff has failed to identify any legal basis for an injunctive or declaratory order. Plaintiff cites to various California state court cases discussing: (1) the "relative hardship test" used to analyze the grant of an equitable easement to an encroaching user; (2) the "primary right theory" defining when a cause of action survives the plaintiff's death; (3) a jury instruction that motive is not an element of the crime charged and need not be shown; and (4) that rewriting a statute is a legislative, rather than judicial, prerogative. (ECF No. 31 at 8-9.) Plaintiff also quotes a 7th Circuit opinion discussing whether a claim of cruel and unusual punishment presents a genuine issue of material fact. (ECF No. 31 at 9.) These citations have no bearing on the instant case, and Plaintiff fails to assert any legal basis in support of her motion.

Finally, to the extent that Plaintiff alleges that she is "being poisoned daily," the Court notes that Plaintiff's conclusory statement is unsupported by any facts and contradicted by the medical records analyzed in the Magistrate's R&R.[1] (ECF No. 26 at 5-6.) Accordingly, Plaintiff's appeal is frivolous, and her in forma pauperis status should be revoked.

///
///
///
///
///
///

---

[1] Plaintiff has previously filed twenty-six cases since 2006 alleging that correctional officials have poisoned her with arsenic. Notably, in *Williams v. Murray*, 2011 WL 2391099 (E.D. Cal. June 10, 2011), Plaintiff made nearly identical allegations to the current action. The United States District Court for the Eastern District of California concluded that Plaintiff's claims were implausible and ultimately revoked Plaintiff's IFP status.

## CONCLUSION

As discussed above, Plaintiff's appeal is frivolous because it lacks any arguable basis in law or fact. Thus, the Court certifies that Plaintiff's appeal is frivolous and not taken in good faith. Accordingly, it is **HEREBY ORDERED** that: (1) Plaintiff's in forma pauperis status is **REVOKED** for purposes of her appeal; and (2) the Clerk of Court is **DIRECTED** to notify the Ninth Circuit Court of Appeals that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that Plaintiff's appeal is frivolous and not taken in good faith.

**IT IS SO ORDERED**.

DATED: January 25, 2013

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge